### CHARLES H. BYRNE *v.* PEDRO A. HERRAN.

A minister plenipotentiary of a foreign power is not exempt from the application of the mechanic's lien law of this State, as to any house or building which is not used as a mansion for purposes connected with his representative character; and where exemption is claimed, it must appear by the proof that he is entitled to a suspension of the rule that the *lex rei sitæ* controls.

Where, therefore, on a motion for an order to join issue on the merits, in a proceeding to foreclose a mechanic's lien, it does not appear that the build ing was erected by the defendant for his residence as such minister,—*Held*, that the motion of joining of issue should be granted.

APPEAL by the plaintiff from an order at Special Term denying plaintiff's motion.

The plaintiff commenced a proceeding to foreclose a Mechanic's Lien.

The lien was duly filed in the office of the Clerk of the City and County of New York, on the 18th of March, 1863. The usual notice of foreclosure, and a bill of particulars, were served on the wife of the owner, his agent, in the premises, more than twenty days before the 5th day of May, 1863, requiring the owner to appear and submit to an account and settlement as stated in said notice, filed in this court.

The defendant appeared by his attorneys, who objected to the *jurisdiction* of the Court in the premises.

It was admitted by the counsel, on the argument, that the defendant was at the time of filing the notice of the lien, a minister plenipotentiary of the Republic of Granada, whose official residence was in Washington.

The court (HILTON J.) denied the motion for an order to join issue on the merits under the provisions of the mechanic's lien law, with leave to the plaintiff to take an appeal to the General Term.

The plaintiff appealed.

*J. B. Tully*, for appellant.

I. A valid mechanic's lien is in effect a mortgage upon the premises against which it is filed. Proceedings under the " Mechanic's Lien Law," when against the owner of the ground and buildings, and when no personal claim is made against such owner, are proceedings *in rem*, and do not affect the *person* at all. The validity of the lien filed in this matter is not disputed. (*Conkright* v. *Thompson*, 1 E. D. Smith, 661 ; *Quimly* v. *Sloan*, 2 Id. 594; *Randolph* v. *Leary*, 3 Id. 637.

II. The protection guaranteed to foreign ministers attaches only to their persons, and their personal property and servants, these being considered necessary for their rank, dignity and comfort. There is neither law nor precedent for allowing a foreign minister to own real estate in a country which estate should be exempt from the usual obligations, taxes and incidents attaching to such property. (1 Kent's Com., p. 46 et seq. Wheaton's Law of Nations, 243.)

III. Every piece of real estate and building in the County of New York is subject to the operation of the " Mechanic's Lien Law," under a certain state of facts. That state of facts can be shown, indeed, is shown to exist in relation to the property described in this notice, and hence it must be held to be subject to that law, or to be without the limits of the County and the jurisdiction and control of the State. (3 R. S. 5 ed. p. 812.)

*Cummins, Alexander & Green*, for respondents.

Under the well established rules of the Laws of Nations an

Byrne v. Herran.

Embassador or Minister Plenipotentiary cannot be sued in any of the courts of this State in any form of action whatsoever.

By the Court.—Brady, J.—The general rule of the common law as to real or immovable property is, that the laws of the place where such property is situate govern in respect to the rights of the parties, the modes of transfer, and the solemnities which should accompany them. (Story's Conflict of Laws, § 424.)

Let us conclude, therefore, says Vattel (Laws of Nations, 493,) that immovable property possessed by a foreign Minister does not change its nature in consequence of the character conferred on its owner, but continues subject to the jurisdiction of the State in which it lies. All contests and law suits concerning that property are to be carried on before the tribunals of the country, and those tribunals may decree its seizure in order to satisfy any legal claim.

If, however, the Ambassador lives in a house of his own, that house is excepted from the rule, as actually serving for his immediate use—excepted, says Vattel, in whatever may effect the present use which the Ambassador makes of it. (See *Novello* v. *Toogood*, 1 Barn. & Cress., 554.)

If the house against which the lien in this case is sought to be enforced was erected by the defendant, for his residence as a Minister Plenipotentiary, then it is exempt from sale, and cannot be sold. Whether it was so erected or not does not appear, and for that reason the order of the Special Term should be reversed. A Minister Plenipotentiary is not exempt from the application of the lien law as to any house or building which is not used as a mansion for purposes connected with his representative character, and when exemption is claimed it must appear by proof that he is entitled to a suspension of the rule that the *lexrei sitæ* controls.

Ordered accordingly, with ten dollars costs to abide event of the action.